# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN TATE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00159 - LJO - JLT<br><br>ORDER DENYING PLAINTIFF'S PETITION FOR APPOINTMENT OF MARYN TATE AS GUARDIAN AD LITEM<br><br>(Doc. 14) |

　　　　Plaintiff Maryn Tate seeks to be appointed as guardian ad litem for minor plaintiffs D.T., K.T., and M.T. in this action. (Doc. 2.) For the following reasons, the petition for appointment of a guardian ad litem is **GRANTED**.

**I.　　Procedural History**

　　　　Plaintiffs Allen Tate, Maryn Tate, D.T., K.T., and M.T. initiated this civil rights action by filing a complaint on February 5, 2014. (Doc. 1.) Plaintiffs allege Susan Rutledge came to their home on January 31, 2012, "as part of a "Voluntary Plan" the parents had entered into with CPS in 2011, wherein a concern about the hygiene of the home and general clutter were to be addressed by keeping the house cleaner and more orderly, disposing of some debris in garbage cans around the home, and the parents engaging in some counseling and/or parenting classes." (*Id.* at 9.) Ms. Rutledge "picked up baby M.T. (age 4 months) from his crib and felt that he was very thin and underweight," and Mrs. Tate explained she had been having difficulty with breastfeeding M.T. and was attempting to supplement his

1  diet with formula.  (*Id.*)  Ms. Rutledge made an appointment to return the following day with a public

2  health nurse employed by the County.  (*Id.*)

3        On February 1, 2012, Ms. Rutledge returned with Monique Moreland, who "did some general

4  physical and developmental assessment the child."  (Doc. 1 at 10.)  Mrs. Tate attempted to feed M.T.

5  with a bottle, but he refused the formula when offered both by Ms. Moreland and his mother.  (*Id.*)

6  However, Mrs. Tate was able to breastfeed M.T. "adequately without incident."  (*Id.*)  However, Ms.

7  Moreland was concerned, and asked that M.T. be taken to the Emergency Room.  (*Id.*)  According to

8  Plaintiffs, both Ms. Rutledge and Ms. Moreland observed D.T. and K.T. "appeared to be health and

9  well fed."  (*Id.*)

10        Plaintiffs allege that "[a]t the hospital M.T. was deemed to be undernourished, but healthy by all

11  other measures of physical assessment."  (Doc. 1 at 11.)  Specifically, Plaintiffs report that "[a]ll but

12  one of M.T.'s blood level readings for blood products and chemicals in the child's blood which are

13  routinely assessed by medical professionals when assessing the well-being of a child, or an adult, were

14  within normal range."  (*Id.*)  In addition, M.T.'s "vital signs were within normal range and remained so

15  during the entire hospital stay."  (*Id.*)  However, Plaintiff's report that a "nasogastric tube was inserted

16  in [M.T.'s] nose shortly after admission, and he was fed formula directly into the stomach."  (*Id.*) Ms.

17  Rutledge described M.T.'s condition as "near death."  (*Id.*)

18        According to Plaintiffs, "M.T. was ready for discharge from the hospital" on February 8, 2012,

19  but Ms. Rutledge "told Maryn that she could not remove the child from the hospital, and that she had

20  taken custody of M.T."  (Doc. 1 at 12.)  In addition, D.T. and K.T. were removed from their parents'

21  home on February 8, 2012.  (*Id.*)  The juvenile court ordered the removal of the children at an initial

22  detention hearing on February 14, 2012.  (*Id.* at 13.)

23        Based upon the foregoing, Plaintiffs allege the defendants are liable for violations of their civil

24  rights arising under the First, Fourth and Fourteenth Amendments to the Constitution of the United

25  States.  (*Id.* at 14-16.)

26  **II.     Legal Standard**

27        Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly

28  appointed representative may sue by a next friend or by a guardian ad litem."  Fed. R. Civ. P. 17(c)(2).

In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, the law of the state of California governs the ability of D.T., K.T., and M.T. to bring suit. Pursuant to California law, a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minors' interests. Cal. Code Civ. P. § 372(a).

**III.     Discussion**

In determining whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

D.T., K.T. and M.T. are each under five years old, and as such are minor under California law. *See* Cal. Fam. Code § 6502. Therefore, as minors, their ability to bring suit is contingent upon appointment of a guardian ad litem by the Court.

Upon review of the Complaint, it does not appear there are direct conflicts of interests in this action. However, it does not appear that appointment of Maryn Tate as the guardian ad litem for D.T., K.T. and M.T. is appropriate. A guardian ad litem "may make tactical and even fundamental decisions affecting the litigation but always with the interest of the guardian's charge in mind." *In re M.F.*, 161 Cal. App. 4th 673, 682 (2008); *see also In re Josiah Z.,* 36 Cal.4th 664, 679 (2005) (explaining a guardian ad litem should "represent and protect the rights and best interests of the child").

Based upon the allegations in the complaint (doc. 1 at 14 ¶ 49), Plaintiffs admit that a California court has ordered the children removed from the Tates' custody which had to be as a result of a determination that they were not acting in the children's best interests. *See* Cal. Calif & Instit. Code §§

300 et seq.  Plaintiffs do not allege that this order has been overturned or that any court has determined that the Tates have demonstrated an ability to act in their children's best interest and this Court has no authority to sit in review of the Superior Court's action.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Doe v. Mann*, 451 F.3d 1038, 1041-42 (9th Cir. 2005).

Based upon the facts alleged, the Court cannot find that Maryn Tate has adequately demonstrated that she would further the children's best interests if appointed their guardian ad litem.

## IV.     Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).  Here, it does not appear Maryn Tate would be an appropriate guardian ad litem for the minor plaintiffs.  Therefore, **IT IS HEREBY ORDERED**:  The petition for appointment of Maryn Tate as the guardian ad litem for D.T., K.T. and M.T. is **DENIED.**

IT IS SO ORDERED.

Dated:   **February 12, 2014**              **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE