UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN TATE, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>COUNTY OF KERN, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-00159 - LJO - JLT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND DENYING MOTION TO AMEND (Doc. 17)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THE MATTER AS TO THE MINOR CHILDREN FOR LACK OF CAPACITY |

In this action, Plaintiffs allege Defendants infringed upon their rights provided by the Fourth and Fourteenth Amendments when they initiated a dependency action related to their minor children. In connection with the filing of the complaint, the children's mother, Maryn Tate, sought appointment as the children's guardian ad litem for this action.

On February 12, 2014, the Court issued an order denying the mother's application. The Court determined that the order of the Kern County Superior Court removing the children from the parents' custody explicitly found that Ms. Tate was not acting in the children's best interest. (Doc. 8) Given this, the Court could not conclude she would act in the children's best interests in this litigation. Id. at 3-4.

Once Ms. Tate's application was denied, no other person sought appointment as the guardian ad litem. On April 15, 2014, the Court issued an order to show cause why the matter should not be dismissed without prejudice as to the minor children based upon their lack of capacity to sue. (Doc.

17) In response, on May 6, 2014, Allen and Maryn Tate notified the Court they had no objection to the dismissal of the action as to the children and lodged a proposed first amended complaint which deleted the children and their claims.  (Docs. 18, 18-1)  For the following reasons, the order to show cause is **DISCHARGED** and the motion to amend the complaint is **DENIED**.  In addition, the Court recommends the matter be **DISMISSED without PREJUDICE** as to the minor children.

I.      Background

Plaintiffs Allen Tate and Maryn Tate initiated this civil rights action for themselves and their children D.T., K.T., and M.T.  (Doc. 1.)  In the complaint, they alleged that defendant-social worker Susan Rutledge came to their home on January 31, 2012, "as part of a "Voluntary Plan" the parents had entered into with Child Protective Services in 2011.  Id. at 9.  The Plan required the parents to address concerns about the hygiene of the home by cleaning their home and keeping it clean and "completing counseling and/or parenting classes."  Id.

At the time of the home visit on January 31, 2012, Ms. Rutledge observed the 4-month-old, M.T., and "felt that he was very thin and underweight."  (Doc. 1 at 9)  Despite Ms. Tate's explanation that she was having difficulty breastfeeding M.T. and that she had attempted to supplement the child's diet with formula, Ms. Rutledge arranged to return to the home the next day with the public health nurse.  (Id.)

The next day, the public health nurse, Monique Moreland, "did some general physical and developmental assessment the child."  (Doc. 1 at 10.)  Ms. Tate attempted to feed M.T. with a bottle, but he refused the formula when offered by Ms. Moreland and by his mother.  (Id.)  However, Ms. Tate was able to breastfeed M.T. "adequately without incident."  (Id.)  Nevertheless, Ms. Moreland instructed the parents to take M.T. to an emergency room.  (Id.)  Despite M.T.'s condition, Ms. Rutledge and Ms. Moreland observed the other two children, D.T. and K.T., "appeared to be healthy and well fed."  (Id.)

Plaintiffs allege that "[a]t the hospital M.T. was deemed to be undernourished, but healthy by all other measures of physical assessment."  (Doc. 1 at 11.)  Specifically, the complaint asserts that "[a]ll but one of M.T.'s blood level readings for blood products and chemicals in the child's blood which are routinely assessed by medical professionals when assessing the well-being of a child, or an

adult, were within normal range." (Id.)  In addition, M.T.'s "vital signs were within normal range and remained so during the entire hospital stay." (Id.)  Nevertheless, the complaint admits that a "nasogastric tube was inserted in [M.T.'s] nose shortly after admission, and he was fed formula directly into the stomach."  (Id.) Ms. Rutledge described M.T.'s condition as "near death." (Id.)  "M.T. was ready for discharge from the hospital" on February 8, 2012, but Ms. Rutledge "told Maryn that she could not remove the child from the hospital, and that she had taken custody of M.T." (Doc. 1 at 12.) D.T. and K.T. were also removed from their parents' home on February 8, 2012. (Id.)  The juvenile court detained all three children from the parents' custody at the initial detention hearing held on February 14, 2012.  (Id. at 13)

Based upon the foregoing, in the first claim for relief, the parents and the children seek damages for violations of their civil rights arising under the Fourteenth Amendment to the Constitution. (Doc. 1 at 14-15)  In the second claim for relief, the children seek damages for violation of the Fourth Amendment. Id. at 15-16.

Along with the complaint, on February 5, 2014, Maryn Tate filed an application to be appointed the guardian ad litem for the children. (Doc. 2.)  However, the order of the Kern County Superior Court removing the children from the parents' custody determined that the parents were not acting in the children's best interests at that time and there was no showing this order had been overturned or modified.  (Doc. 8)  Thus, the Court denied Ms. Tate's the application to be appointed as the guardian ad litem. (Doc. 8)

After this, no other person sought appointment as the children's guardian ad litem. On April 15, 2014, the Court ordered the parties to show cause why the children's claims should not be dismissed without prejudice based upon their lack of capacity. (Doc. 17)  In response, the parents notified the Court they had no objection to the matter being dismissed as to the children and lodged a first amended complaint which excised the children as plaintiffs from the litigation. (Docs. 18, 18-1)

**II.     Analysis**

Federal Rules of Civil Procedure 17 requires children to "sue by next friend or guardian ad litem."  Local Rule 202 requires the same.  This matter cannot proceed as to the children absent a guardian ad litem and no appropriate person seeks to take on this role.  Moreover, based upon the

information before the Court, the children's interest will not be impacted by dismissing the matter as to them because it would be without prejudice to them seeking to vindicate their rights upon obtaining an authorized representative who is capable of representing their interests or upon their reaching the age of majority.  See County of Los Angeles v. Superior Court (Crystal B.), 91 Cal.App.4th 1303, 1315 (2001); California Code of Civil Procedure § 352.[1]

On the other hand, because the parents lack the authority to act for the children in this matter, the Court will not grant their request to amend the complaint to delete the children's claims.  Just as they have no authority to pursue this matter on the children's behalves, they have no authority to dismiss the children's claims.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. The order to show cause (Doc. 17) is **DISCHARGED**;
2. The motion of Allen and Maryn Tate to file a first amended complaint is **DENIED**.

## FINDINGS AND RECOMMENDATION

Because the children lack the capacity to sue and there is no one willing to act as their guardian ad litem and because dismissal would not prejudice the children from bringing the matter at a later date, the Court recommends the matter as to the children, D.T., K.T. and M.T. be **DISMISSED WITHOUT PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response thereto shall be filed within 14 days after service of the Objections.

///

---

[1] Notably, the claims raised by the complaint do not require compliance with California's Government Claims Act as a prerequisite to suit.  Williams v. Horvath, 16 Cal. 3d 834, 842, (1976) ("[T]he claim provision of section 911.2 is inoperative in an action brought under section 1983.")

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 7, 2014**                            **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE