UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLEN TATE, et al., | ) | Case No.: 1:14-cv-00159 - LJO - JLT |
| Plaintiffs, | )<br>) | ORDER DENYING STIPULATION TO AMEND |
| v. | )<br>) | THE SCHEDULING ORDER |
| COUNTY OF KERN, et al., | ) | (Doc. 33) |
| Defendants. | )<br>)<br>) | |

Before the Court is the stipulation of counsel to amend the deadline to file dispositive motions. (Doc. 33) Currently, the deadline is October 17, 2014. (Doc. 22 at 5) This deadline was selected—at the parties' behest—so that they could complete all non-expert and expert discovery related to non-<u>Monell</u> liability and allow the Court determine dispositive motions related to non-<u>Monell</u> liability before any other discovery occurred. (Doc. 20 at 2, 6, 11, 12) The parties now report they'd like to amend the scheduling order to extend this deadline to allow further meet and confer efforts related to dispositive motions and to engage in further settlement discussions. For the reasons set forth below, the stipulation is **DENIED**.

I.  **Scheduling Orders**

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered by a court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R.

1  Civ. P. 16(d).  A scheduling order is "the heart of case management."  <u>Koplove v. Ford Motor Co.</u>,
2  795 F.2d 15, 18 (3rd Cir. 1986).
3      Good cause must be shown to demonstrate a modification of the scheduling order should
4  occur.  Fed. R. Civ. P. 16(b)(4).  A party requesting modification of a scheduling order may be
5  required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

<u>Johnson v. Mammoth Recreations, Inc</u>., 975 F.2d 604, 608 (9th Cir. 1992) (internal citations omitted).

Notably, the scheduling order further cautioned the parties,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 22 at 8, emphasis in the original)

**II.    Current circumstances**

Counsel do not address the <u>Johnson</u> factors but instead set forth two reasons to amend the scheduling order.  First, counsel explain that they wish to meet and confer to determine whether a stipulation can be reached to avoid filing a dispositive motion.  <u>Id</u>. at 2. Notably, the scheduling order issued in this case already obligated them to do so and to complete this effort weeks ago.  (Doc. 22 at 3 ["The parties are obligated to meet and confer at least 21 days before the filing of a dispositive motion (see headnote VI. below) so they will know before October 3, 2014 whether such a motion will be filed."]; Doc. 22 at 5)  The order reads,

> Prior to filing a motion for summary judgment or motion for summary adjudication the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion **at least 21 days before** the filing of the motion.
>
> The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the

> possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.
>
> The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. **In addition to the requirements of Local Rule 260, the moving party shall file a <u>joint statement</u> of undisputed facts.**
>
> In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

(Doc. 22 at 5)  Thus, if counsel chose to await the very last day to file their dispositive motions, they were obligated still to meet and confer to develop their stipulation or their joint statement of facts, no later than September 26, 2014.   They have not explained why they did not do so.[1]

Second, counsel report they wish to continue settlement discussions without need for filing dispositive motions.  Notably, the Court held a settlement conference last week at which the parties conveyed their best offers.  In light of Plaintiffs' admittedly intractable settlement position, the conference came to a speedy and unsatisfactory conclusion.  Counsel do not explain why the passage of a few days has improved the chances of settlement.  Thus, in short, the Court does not find that the stipulation demonstrates good cause to modify the scheduling order.

When considering the <u>Johnson</u> factors, the stipulation fares no better.  As noted above, the deadlines selected in the scheduling order were those suggested by the parties.  (Doc. 20)  There is no showing that unexpected developments have occurred which give rise for the need for the amendment; indeed, the possibility of settlement is a typical consequence of filing a lawsuit and cannot be said to be unanticipated.  Finally, there is no showing about when counsel determined they could not meet the deadline at issue so the Court lacks the ability to evaluate this consideration.  At best it can observe that the meet and confer effort should have been completed weeks ago and it has been provided no explanation why it was not.

///

///

---

[1] Seemingly, counsel relies upon the fact that the Court re-set the settlement conference from September 29 to October 8 as explanation for their failure to have completed their meet and confer efforts.  However, the Court's action re-setting the conference could not have impacted the meet-and-confer efforts because the meet and confer was required to have been completed three days before the originally scheduled settlement conference.

**ORDER**

Based upon the foregoing, the Court finds counsel have failed to demonstrate good cause for amendment of the scheduling order.  Thus, the Court **ORDERS**:

1. The stipulation amending the scheduling order (Doc. 33) is **DENIED.**

IT IS SO ORDERED.

Dated:   **October 14, 2014**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE